BARNES, Assignee, *v.* VETTERLEIN and others.*

(*Circuit Court, S. D. New York.　June 6, 1883.*)

**1. FRAUDULENT ASSIGNMENT UNDER SECTION 5129, REV. ST.**

　　Proofs showed satisfactorily that defendant was in contemplation of insolvency at the time he assigned, and that the assignment to his wife and children was purely voluntary, and presumptively fraudulent under section 5129, Rev. St.

**2. SAME—DISPOSITION OF FIRM PROPERTY BY ITS MEMBERS.**

　　It is entirely competent for the members of a firm, as between themselves, to make such disposition of the firm property as they see fit.

In Bankruptcy.

*Jas. K. Hill,* for plaintiff.

*T. M. Tyng,* for defendants.

WALLACE, J.　The proofs show satisfactorily that Theodore H. Vetterlein was in contemplation of insolvency at the time he assigned the policies of insurance upon the life of Taylor, and that the assignment of the policies for the benefit of his wife and children was purely voluntary, and presumptively fraudulent under section 5129 of the Revised Statutes.　The proofs also show satisfactorily that these policies had become the assets of the firm composed of Theodore H. Vetterlein and Bernhardt Vetterlein, and neither Mr. Maurer nor Theodore J. Vetterlien had any real interest in them.　If the policies had been assigned by the firm, the bill would be defective in omitting to allege the insolvency or contemplation of insolvency of the firm at the time.　But it was entirely competent for the members of the firm, as between themselves, to make such disposition of the firm property as they saw fit. They did see fit to treat these policies as belonging to Theodore H. Vetterlein, by permitting him to transfer them as his own in trust for the benefit of his wife and children.　There is no merit in the objections urged to the decree of the district court, and the conclusions of the learned district judge are approved

　　The decree is affirmed, with costs,

*Affirmed. See 8 Sup. Ct. Rep. 441.